tion, with leave to plaintiff to amend (Case No. 3,329); and, on the trial of the new action, plaintiff was again nonsuited (Case No. 3,330).

[See, also, the discharge of a rule to show cause why defendant should not be discharged on common bail. Case No. 3,328.]

## Case No. 3,327.

### CRAIG v. BROWN.

[Pet. C. C. 171.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1815.

ACTION ON BILL OF EXCHANGE—STRIKING OUT INDORSEMENT—NOTICE.

The bill was drawn by the defendant at New Orleans, on Philadelphia, in favour of the plaintiff, and was by him indorsed, in full, to a third person, and had been regularly protested for non-acceptance and non-payment; but no notice of the dishonour of the bill was proved to have been given to the drawer. The indorsement being in full, cannot be struck out at the time of trial. The want of notice prevents a recovery by the plaintiff.

Action on a bill of exchange, drawn by the defendant [Elijah Brown] at New Orleans, on James Brown and Co. of Philadelphia, dated in July, 1807.

The bill was drawn in favour of Lewis Craig, Esq., and indorsed in full, by Lewis Craig, Junior, but they were proved to be the same person. The bill was regularly protested for non-acceptance, and non-payment. No proof of notice being given, the defendant moved for a nonsuit, on that ground; and because the bill has an indorsement on it, and no proof that the plaintiff had paid the amount to the indorser, or had in any other way become entitled to the bill. As to the second objection, WASHINGTON, Circuit Justice, asked if the plaintiff might not now strike out the indorsement, possession of the bill being prima facie evidence, that the plaintiff had paid the indorser? J. R. Ingersoll and Chauncey, for the defendant, answered; that if the bill had been indorsed in blank, this might have been done, but not where the indorsement is in full, and cited [Gorgerat v. McCarty] 2 Dall. [2 U. S.] 144; [Steinmetz v. Currey] 1 Dall. [1 U. S.] 234.

[For a prior nonsuit, see Case No. 3,326.]

Shoemaker, for plaintiff.

J. R. Ingersoll and Chauncey, for defendant.

THE COURT directed the plaintiff to be called for both the reasons assigned.

Nonsuit.

[NOTE. On the next day, plaintiff instituted a new action, and judgment was rendered for defendant on demurrer to the replication. Case No. 3,329. Plaintiff amended, and was nonsuited on the trial. Case No. 3,330.

[See, also, the discharge of a rule to show cause why defendant should not be discharged on common bail. Case No. 3,328.]

[1] [Reported by Richard Peters, Jr., Esq.]
6FED.CAS.—46

## Case No. 3,328.

### CRAIG v. BROWN.

[Pet. C. C. 352.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1816.

EVIDENCE—LEGISLATIVE AND JUDICIAL PROCEEDINGS—AUTHENTICATION—DISCHARGE ON COMMON BAIL.

1. Form of authenticating the legislative and judicial proceedings of one state, in order to their admission in evidence in other states.

[Cited in U. S. v. Wilson, Case No. 16,730; Bennett v. Bennett, Id. 1,318.]

2. The certificate of the presiding judge of the court of the state of Louisiana, stating that the person whose name is signed to the attestation of a record, is clerk of the court, and that the signature is his own hand writing, is not in conformity with the provisions of the act of congress of 1790 [1 Stat. 122].

[Cited in Taylor v. Carpenter, Case No. 13,785; Trigg v. Conway, Id. 14,172.]

3. A printed pamphlet containing the law of the state of Louisiana, is not admissible in evidence.

4. The attestation of a record of the proceedings of a court, according to the provisions of the act of congress, must be in conformity with the form used in the state from whence the record comes, and the only evidence of this fact is the certificate of the presiding judge of that court.

[Cited in U. S. v. Wilson, Case No. 16,730.]

5. Evidence on which the court will discharge on common bail, ought not to be of a doubtful nature.

[Cited in Parkhurst v. Kinsman, Case No. 10,761.]

Rule to show cause why the defendant [Elijah Brown] should not be discharged on common bail, on the ground of the defendant having been discharged from all his debts under the insolvent law of the state of Louisiana, formerly the territory of Orleans.

The plaintiff [Lewis Craig] showed cause by producing a positive affidavit of the debt, and in answer to the ground of discharge alleged by the defendant, he objected: First, that the law of Orleans, under which these proceedings took place, and the record of the court which granted the discharge, are not properly authenticated. Second, that if they were properly authenticated, still a discharge under an insolvent law in one state, is not a ground of discharge in any other state.

WASHINGTON, Circuit Justice. The objections to the record being offered in evidence, are, that the seal of the court is not affixed to it, nor is it certified by the judge, that the record is authenticated in due form.

The act of congress of the 26th of May, 1790 [1 Stat. 122],—2 Laws [Bior. & D.] 102,—declares that the records and judicial proceedings of the courts of any state, shall be proved or admitted in any other court within the United States by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with a certificate of the judge, &c. that the said attesta-

[1] [Reported by Richard Peters, Jr., Esq.]